UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **BILLY MURRELL COBB**<br>         **LA. DOC #90056**<br>**VS.** | **CIVIL ACTION NO. 5:16-cv-0015**<br><br>**SECTION P**<br><br>**JUDGE S. MAURICE HICKS** |
| **JULIAN WHITTINGTON, ET AL.** | **MAGISTRATE JUDGE KAREN L. HAYES** |

### REPORT AND RECOMMENDATION

*Pro se* plaintiff Billy Murrell Cobb, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on January 6, 2016. Plaintiff is an inmate in the custody of Louisiana's Department of Corrections (DOC). He is incarcerated at the Bossier Medium Security Facility (BMSF) and he complains that the defendants – Bossier Parish Sheriff Julian Whittington, BMSF Mental Health Director Jason Burns, and BMSF Assistant Warden Susan Tucker – have tampered with his mail, have denied him the opportunity to obtain work-release status, and have failed to answer his grievances. His complaint contains no prayer for relief.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted.

### *Statement of the Case*

Plaintiff is a DOC prisoner incarcerated at the BMSF. He apparently participated in some prison rehabilitation program called SHISAD and graduated on September 25, 2015. On that

occasion, Asst. Warden Tucker and Mental Health Director Burns advised the group that the graduates would be submitted for screening for Work Release and Re-Entry Class where they could potentially earn additional good time credits of up to 360 days.

As of January 4, 2016 plaintiff's KITES (inquiries) to Tucker and Burns remained unanswered and plaintiff believes that he has been denied participation in these programs "because of the revenue that the Sheriff of Bossier Parish collects from the Dept. Of Corrections daily." According to plaintiff, several other graduates were screened and allowed to participate in the Work-Release and Re-Entry programs. Plaintiff also believes that another possible reason for his inability to participate in these programs is due to the fact that his mail "... here at the Bossier Parish Sheriff's Dept. could be being tampered with by security [because] the out going [mail] has [to] be mailed and logged into the computer for security purposes on or around 11-8-2015." He concludes that either Security have destroyed his grievances or the DOC have asked for an extension to reply.

In support of his complaint plaintiff provided a copy of his KITE dated November 22, 2015 complaining that he has yet to receive a response concerning his eligibility for Work Release or Re-Entry status or a response from Mr. Burns or Ms. Tucker. Lt. Jones responded by advising plaintiff he would investigate the matter. [Doc. 1-1, p. 2] Plaintiff also provided a copy of the response to his Administrative Remedy Procedure, ARP 15-2010 dated July 8, 2015 in which the prison administration denied plaintiff's claim that his mail was being tampered with. [Doc. 1-1, p. 1]

*Law and Analysis*

*1. Screening*

As a prisoner seeking redress from an officer or employee of a governmental entity, plaintiff's civil rights complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A, even though he has paid the full filing fee. *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir.1998) (per curiam). Section 1915A(b) provides for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

*2. Work-Release and Re-Entry*

Plaintiff implies that he has a Constitutional right to participate in either a work-release or re-entry program, presumably pursuant to the due process clause of the Fourteenth Amendment. Plaintiff has neither a liberty nor property interest in the work release program and therefore his due process claims are frivolous. In *Welch v. Thompson*, 20 F.3d 636 (5th Cir.1994), the Fifth Circuit determined that La. R.S.15:1111, the statute which authorizes the Louisiana Department of Correction's (LDOC's) work-release program – entrusts the actual operation of the work

3

release program to the LDOC. The court further determined that the statute does not dictate to the LDOC who it must put on work release. In short, the Fifth Circuit has held that "... La. R.S.15:1111 does not create a liberty interest subject to the Due Process Clause." *Welch v. Thompson*, 20 F.3d 636, 644 (5th Cir.1994).

The statute is virtually identical to La. R.S.15:711 which authorizes Parish Sheriffs, such as Sheriff Whittington, to establish work-release programs. Indeed, the latter statute also provides, " Each sheriff shall establish written rules for the administration of the work release program and shall determine those inmates who may participate in the release program ..." Since the statutes are virtually identical in substance, it is safe to conclude that R.S.15:711, like its LDOC counterpart, R.S.15:1111, also does not create a liberty interest subject to the Due Process Clause. In other words, with regard to the Morehouse Work-Release program, the Sheriff determines who is and who is not eligible to participate. Since the statute does not create a protected liberty interest for eligible prisoners, there can be no deprivation of a liberty interest protected by the due process clause of the Constitution, and therefore plaintiff cannot show that his rights to due process have been violated.

To the extent that plaintiff also implies that he was deprived of a "property interest" as opposed to a liberty interest in violation of the due process clause, such an argument also lacks an arguable basis in law and fact. In *Board of Regents v. Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972), the Supreme Court concluded that in order to have a property interest in a benefit, a person must have more than a "unilateral expectation" of it. Rather, he must "have a legitimate claim of <u>entitlement</u> to it." *Id.* (emphasis supplied). Thus, the "property interest" protected by the due process clause of the Fourteenth Amendment is defined by the

concept of "entitlement," which in turn describes "the security of interests that a person has already acquired in specific benefits." *Id.* at 576, 92 S.Ct. at 2708. In other words, a person's interest in a benefit is a property interest only "if there are such rules or mutually explicit understandings that support his claim of entitlement to the benefit..." *Evans v. City of Dallas*, 861 F.2d 846, 848 (5th Cir. 1988). Plaintiff can point to no rule or understanding which entitles him to participate in the program. In any event, the Fifth Circuit has also held that prisoners have no property interest work-release employment. *Bulger v. U.S. Bureau of Prisons*, 65 F.3d 48 (5th Cir.1995). Plaintiff is not entitled to participate in any particular work-release program and therefore to the extent that he implies that he was denied either a liberty interest or a property right in violation of the Due Process Clause, such claims are subject to dismissal as frivolous.

   Plaintiff also mistakenly assumes that he has a Constitutional right to educational or vocational programs, to social services, or to other unspecified rehabilitation programs such as the Re-Entry program he mentions in his complaint.  Inmates do not a have a protected property or liberty interest in rehabilitation programs. *Jackson v. Cain*, 864 F.2d 1235, 1250 (5th Cir.1989) ; *Moody v. Baker*, 857 F.2d 256, 257-58 (5th Cir.1988). Nor do prisoners have a constitutional right to participate in drug treatment programs. *See Moody v. Doggett*, 429 U.S. 78, 88 n. 9, 97 S.Ct. 274, 50 L.Ed.2d 236 (1976) (Prisoner classification and eligibility for rehabilitation programs are not subject to "due process" protections).  The "state has no constitutional obligation to provide basic educational or vocational training to prisoners." *Beck v. Lynaugh*, 842 F.2d 759, 762 (5th Cir.1988).  Nor do prisoners have a constitutional right to "social services." *Smith v. Boyd*, 945 F.2d 1041, 1043 (8th Cir. 1991). Thus, plaintiff's complaint, insofar as it asserts the existence of a constitutional right to rehabilitation programs,

fails to state a claim for which relief may be granted.

Plaintiff also complains that because he is unable to participate in various self-improvement or rehabilitation programs he is also denied the opportunity to earn good time credits. Louisiana law (see La. R.S.15:828) does in fact encourage the adoption of such programs and provides that the LDOC's "... rules and regulations <u>may include provisions for furloughs or the awarding of good time</u> ... <u>for offenders who are otherwise eligible</u>." Plaintiff implies that the defendants are in violation of the Constitution because their failure to provide self-improvement programs has interfered with his ability to earn good time credits. However, plaintiff again fails to state a claim for which relief may be granted since inmates do not have a protected liberty interest in their classification status or in the opportunity to earn good-time credits. *See Luken v. Scott*, 71 F.3d 192, 193 (5th Cir.1995), *cert. denied*, 116 S.Ct. 1690 (1996) (loss of opportunity to earn good-time credits is merely a collateral consequence of the prisoner's custodial status which does not create a constitutionally protected liberty interest). While prisoners who are entitled to release on mandatory supervision have a protected liberty interest in <u>previously earned good-time credits</u> they are not constitutionally entitled to earn such credits. *Compare  Malchi v. Thaler*, 211 F.3d 953, 959 (5th Cir.2000) (The relation of good time-earning status to a prisoner's release date is too speculative to create a liberty interest).

### 3. Grievances

Plaintiff faults the defendants for failing to promptly and regularly attend to his prisoner KITES and grievances. Standing alone, this does not allege a Constitutional violation. Compare *Geiger v. Jowers*, 404 F.3d 371 (5th Cir. 2005) (Prisoners do not have a federally protected liberty interest in having their grievances resolved to their satisfaction; any alleged due process

violation arising from the alleged failure to investigate prisoner grievances is indisputably meritless); (see also *Jones v. North Carolina Prisoners' Labor Union, Inc.*, 433 U.S. 119, 138, 97 S.Ct. 2532, 53 L.Ed.2d 629 (1977) (Burger, C.J., concurring) (applauding the institution of grievance procedures by prisons but not suggesting that such procedures are constitutionally required); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir.1996) ("[A] state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause."); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir.1994) ("[T]he constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state."); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir.1993) (quotation omitted) (holding that a prison grievance procedure is not a substantive right and "does not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment"); *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir.1991 (per curiam) (concluding regulations providing for administrative remedy procedure do not create liberty interests in access to that procedure); and *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir.1988) ("There is no legitimate claim of entitlement to a grievance procedure.").

Plaintiff also claims that his grievances are intercepted and destroyed, however, he offers no factual support for this conclusory claim. In other words, plaintiff's claim is frivolous.

### *Conclusion and Recommendation*

Therefore,

**IT IS RECOMMENDED THAT** plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Monroe, Louisiana, February 16, 2016.

```
                              _____
                              KAREN L. HAYES
                              UNITED STATES MAGISTRATE JUDGE
```